WILLIAM K. PATTISON AND LUCIEN E. HARDING, EX-
ECUTORS OF THE LAST WILL AND TESTAMENT OF
SAMUEL S. FREWE, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed January 21, 1915.*

1. INHERITANCE TAX—*facts held sufficient to justify an award.*
In this claim certain real estate was by mistake included in the
inventory and later listed for appraisement by the inheritance tax
appraiser. The tax was fixed by the county judge and paid, but upon
discovery of the mistake an appeal was prayed to the county court,
which court reduced the amount of the tax. *Held,* that claimants
were entitled to a refund of the tax erroneously paid.

2. MISTAKE OF FACT—*payment under.* Money paid voluntarily
under a mistake of fact may be recovered.

Pattison & Shaw, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

The claim in this case is for a refund of $190.00 in-
heritance tax claimed to have been erroneously paid to
the county treasurer of Cook County, on the 16th day
of April, 1912; and is made under the provision of
section 10 of an Act to tax gifts, legacies, inheritances,
etc., approved June 14, 1909.

Samuel S. Frewe died testate on the 14th day of
February, 1912, a resident of the city of Chicago,
State of Illinois, and claimants were duly appointed
executors with the will annexed of the estate of said
deceased by the probate court of Cook County and
duly qualified. An inheritance tax proceeding was had
under the directions of the county judge of Cook
County. The appraiser filed his report with the county
judge, who entered an order fixing the cash value of
the several estates, gifts, transfers, etc., and assessing
the total inheritance tax thereon in the sum of
$3,761.54; all of which money was within six months
paid to the county treasurer of Cook County, and was

transmitted by him to the State Treasurer of the State of Illinois, and afterwards, within a few weeks, claimants petitioned the county court for an appeal which was approved and allowed to the county court. The court, after having heard all the evidence, found that the inventory of the appraiser inadvertently included certain real estate as property appraisable which decedent at the time of his death had no legal or equitable title or interest in or to, and that the real estate had been appraised by the appraiser at $7,000.00, when the right and correct appraisement should have been $2,000.00. The court further found that the executors were entitled to a refund in the sum of $190.00, which had been erroneously paid as aforesaid, from which order no appeal has been prayed.

We find, that the claimants have paid to the State an erroneous and excessive tax and that they in all respects complied with the law to secure the refund, and that they are entitled to have returned by the State the sum of one hundred ninety ($190.00) dollars. We, therefore, accordingly award claimants the sum of one hundred ninety ($190.00) dollars.